UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMANTHA EWELL,

    Plaintiff,

v.                                                         Case No. 17-cv-11876
                                                          Honorable Linda V. Parker

JOHN C. HEATH, ATTORNEY AT LAW
PLLC d/b/a LEXINGTON LAW FIRM,

    Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION (ECF NO. 8)

Plaintiff Samantha Ewell ("Plaintiff") and Defendant John C. Heath, Attorney at Law d/b/a Lexington Law Firm ("Defendant") entered into an agreement for Defendant to provide credit repair services on Plaintiff's behalf. Plaintiff initiated this lawsuit on June 13, 2017, alleging violations of the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679 *et seq.* and breach of contract. (ECF No. 1.) Presently before the Court is Defendant's Motion to Stay Proceedings and Compel Arbitration, filed on August 28, 2017, Plaintiff's response, filed September 8, 2017, and Defendant's reply, filed September 15, 2017. (ECF Nos. 8, 10, & 11.) For the reasons stated below, the Court grants Defendant's motion.

I.   **Factual and Procedural History**

Defendant is a credit repair organization. On or about October 21, 2016, Plaintiff and Defendant entered into an Engagement Agreement and Limited Designation of Agency ("Agreement") whereby Defendant would perform credit repair services on behalf of Plaintiff. (ECF No. 1 at Pg ID 2.) Section VIII of the Agreement provided: "You agree to arbitrate all disputes and claims between you and Lexington on an individual basis only and not as a party of any class. . . . You may individually arbitrate any claim against Lexington in any jurisdiction in the United States." (ECF No. 8 at Pg ID 69.)

Plaintiff paid Defendant $734.69 for its credit repair services. (ECF No. 1 at Pg ID 3.) On October 31, 2016, Defendant sent Plaintiff a letter notifying her that it had initiated credit repair services on her behalf. (*Id.*) According to Plaintiff, she sent Defendant numerous requests for a copy of the validation letter sent to the credit reporting agencies. (*Id.* at Pg ID 4-6.) To date, Plaintiff has never received a copy of the validation letter, and her credit score has not improved. (*Id.* at Pg ID 6.) On March 31, 2017, Plaintiff terminated Defendant. (*Id.*)

On June 13, 2017, Plaintiff initiated this lawsuit against Defendant for violation of CROA and breach of contract. Plaintiff alleges that Defendant violated CROA when Defendant failed to provide Plaintiff the validation letters, failed to include the total amount of all payments and the date service was to be

completed or the length of time necessary to complete the service, waived Plaintiff's right to class action, and included a severability clause. (ECF No. 1 at Pg ID 10-11.)

Defendant filed a motion to compel arbitration on August 25, 2017. (ECF No. 8.) Plaintiff filed a response on September 8, 2017, and Defendant filed a reply on September 15, 2017. (ECF Nos. 10-11.)

## II. Standard of Review

The Federal Arbitration Act, ("FAA") 9 U.S.C § 2, provides in part, that

> [a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable . . . .

When considering a motion to compel arbitration, the court must consider whether: (1) a valid arbitration agreement exists between the parties; (2) the disputes fall within the scope of the agreement; (3) Congress intended for certain federal statutory claims to be nonarbitrable; and (4) if some of the claims fall outside the scope of the arbitration agreement, if those claims will be stayed pending arbitration. *Orcutt v. Kettering Radiologists, Inc*., 199 F. Supp. 2d 746, 750 (S.D. Ohio Mar. 11, 2002) (citing *Compuserve, Inc. v. Vigny Int'l Finance, Ltd*., 760 F. Supp. 1273, 1278 (S.D. Ohio 1990); *see also Stevens-Bratton v. Trugreen, Inc*.,

675 F. App'x 563, 566-67 (6th Cir. 2017) (unpublished) (quoting *Rowan v. Brookdale Senior Living Cmtys., Inc.*, 647 F. App'x 607, 609 (6th Cir. 2016)). "Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Orcutt*, 199 F. Supp. 2d at 749-50. Finally, the opposing party may challenge the validity of the arbitration agreement "upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

The United States Supreme Court has divided challenges to arbitration agreements into two types. "One type challenges specifically the validity of the agreement to arbitrate. The other challenges the contract as a whole, either on a ground that directly affects the entire agreement (*e.g.*, the agreement was fraudulently induced), or on the ground that the illegality of one of the contract's provisions renders the whole contract invalid." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 444 (2006) 2006 (internal quotations and citations omitted). Challenges to the contract as a whole must go to the arbitrator. *Id.*

## III. Applicable Law & Analysis

Because the Court finds the arbitration clause valid, the Court does not have authority to determine the validity of the contract as a whole, and the arbitrator shall resolve Plaintiff's claims concerning the validity of the contract.

> It is well settled that "the substantive law the Act created [is] applicable in state and federal courts. And when parties commit to arbitrate contractual disputes, it is a mainstay of the Act's substantive law that attacks on the validity of the contract, as distinct from attacks on the validity of the arbitration clause itself, are to be resolved "by the arbitrator in the first instance, not by a federal or state court." For these purposes, an "arbitration provision is severable from the remainder of the contract," and its validity is subject to initial court determination; but the validity of the remainder of the contract (if the arbitration provision is valid) is for the arbitrator to decide.

*Nitro-Lift Techs., L.L.C. v. Howard*, 568 U.S. 17, 20-21 (2012) (internal quotations and citations omitted); *Buckeye Check Cashing, Inc.*, 546 U.S. at 446 ("regardless of whether the challenge is brought in federal or state court, a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator."); *see also Great Earth Cos. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002) ("The Supreme Court has explained that in deciding whether a valid agreement to arbitrate exists, district courts may consider only claims concerning the validity of the arbitration clause itself, as opposed to challenges to the validity of the contract as a whole."); *Yaroma v. CashCall, Inc.*, 130 F. Supp. 3d 1055, 1067-68 (E.D. Ky. 2015); *Am. Premier Underwriters, Inc. v. AMTRAK*, No. 1:08-cv-00346, 2009 U.S. Dist. LEXIS 29993, at *4-5 (Apr. 8, 2009).

"In order to place the validity of the agreement to arbitrate in issue, therefore, the party opposing the petition to compel arbitration must state a 'well-founded claim of fraud in the inducement of the arbitration clause itself, *standing apart from the whole agreement*, that would provide grounds for the revocation of

the agreement to arbitrate.'" *Great Earth Cos*., 288 F.3d at 878. "[I]f the claim is fraud in the inducement of the arbitration clause itself -- an issue which goes to the 'making' of the agreement to arbitrate -- the federal court may proceed to adjudicate it. But the statutory language [of the FAA] does not permit the federal court to consider claims of fraud in the inducement of the contract generally. *Id.* at 889-90.

Defendant argues that Plaintiff is required to submit to arbitration pursuant to the Agreement, which mandates that all "disputes and claims" between the parties be submitted to arbitration. (ECF No. 8 at Pg ID 56-57, 69.) Defendant further argues that "[t]he allegations in the Complaint are squarely within the scope of the arbitration agreement." (*Id*. at Pg ID 57.) However, Plaintiff argues that the Agreement itself is invalid because it violates CROA because the Agreement waives class actions and includes a severability clause.

The Court's initial review is limited to whether there was a valid arbitration agreement. The Court finds that there was a valid arbitration agreement between the parties. The Agreement provides that the parties agree to arbitrate "all disputes and claims," which would include the claims alleged in Plaintiff's Complaint. Although Plaintiff argues that the arbitration clause is invalid because the contract as a whole is void, (ECF No. 10 at Pg ID 85-86), such position is inconsistent with the law of this jurisdiction and Supreme Court precedent. *See Nitro-Lift Techs.,*

*L.L.C.*, 568 U.S. at 21 (holding that district courts are only to consider the validity of the arbitration clause and not the contract as a whole); *accord Buckeye Check Cashing, Inc.*, 546 U.S. at 446; *Great Earth Cos.*, 288 F.3d at 889. Accordingly, Plaintiff's arguments as to the validity of the contract are to be considered by the arbitrator. Because the Court finds the arbitration clause valid, and Plaintiff's claims are within the scope of the Agreement, the Court is staying the case until the completion of arbitration.

## IV. Conclusion

For the reasons stated above, Defendant's motion is granted.

Accordingly,

**IT IS ORDERED**, that Defendant's motion (ECF No. 8) is **GRANTED**;

**IT IS FURTHER ORDERED** that this case is **STAYED**, and the parties shall submit to arbitration pursuant to the Engagement Agreement and Limited Designation of Agency.

**SO ORDERED.**

Dated: January 18, 2018         s/Linda V. Parker
                                U.S. District Court Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 18, 2018, by electronic and/or ordinary mail.

         s/Julie Owens acting in the Absence of Richard Loury
         Case Manager